UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Emerson,                                    Case No.   3:19-cv-425

                    Plaintiff

        v.                                         MEMORANDUM OPINION
                                                   AND ORDER
Patricia Myler, *et al.*,

                    Defendants


        This is another *in forma pauperis* civil action filed by *pro se* plaintiff Joseph Emerson.   In this

case, the plaintiff sues Patricia Myler, who he identifies as the owner of Myler's Bar, and four other

individuals who he identifies as family members.   (Doc. No. 1.)   Although he appears to assert

claims for defamation, he has not set forth any comprehensible facts, against any defendant, in his

complaint.   Instead, his complaint consists entirely of incoherent assertions and statements

regarding past events that are unconnected to discernible alleged wrongful conduct on the part of

the defendants.   (*See id.* at 6-7.)

        Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d

380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits."   *Pilgrim

v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).   *Pro se* plaintiffs must still meet basic pleading

requirements, and courts are not required to conjure allegations on their behalf.   *See Erwin v.

Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

        Federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma

pauperis* complaints filed in federal court, and to dismiss before service any such action that the court

determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, I find it must be dismissed pursuant to § 1915(e)(2)(B). The incoherent statements and allegations set forth in the plaintiff's pleading are simply insufficient to suggest he has any plausible claim against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief).

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). I certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge